NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NICKOLAS MICHAEL PIECK, *Petitioner*.

No. 1 CA-CR 14-0585 PRPC
FILED 9-6-16

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-076039
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
Mikel Steinfeld
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1        Petitioner Nickolas Michael Pieck petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Pieck of two counts of first degree murder and one count of theft of a motor vehicle. Pieck committed the offenses in April 1973 when he was twenty years old. The only available sentences for first degree murder in April 1973 were death or imprisonment for natural life. Arizona Revised Statute (A.R.S.) section 13-453.A (1973). The legislature amended A.R.S. § 13-453 effective August 8, 1973 to make defendants sentenced to life eligible for parole after twenty-five years. A.R.S. § 13-453.A (1973) ("amended section 13-453"); 1973 Ariz. Sess. Laws, ch. 138, § 2. The superior court sentenced Pieck to imprisonment for natural life for each count of murder and four to five years' imprisonment for theft of a motor vehicle. The court ordered the sentences for murder to run consecutively and the sentence for theft of a motor vehicle to run concurrently with the first murder sentence. The Arizona Supreme Court affirmed Pieck's convictions but modified his sentences to all run concurrently.

¶3        In 2013, the superior court sua sponte appointed counsel to review Pieck's case. The court noted that while Pieck had not filed a notice of post-conviction relief, a number of other defendants the court believed were similarly situated had initiated post-conviction relief proceedings based on the United States Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012). *Miller* held mandatory life sentences without the possibility of parole for offenders under the age of eighteen as of the time of the crime were unconstitutional. *Id.* at 2460. The superior court appointed counsel to determine whether *Miller* applied to Pieck's case. The court did not, however, identify any theory of relief nor otherwise indicate why it believed *Miller* might apply to a case in which the defendant was over eighteen at the time he committed the offenses. Regardless, the

court later ordered the parties to file briefs that addressed whether *Miller* was retroactive and whether any theoretical claim Pieck might have was ripe.

**¶4** The superior court ultimately summarily dismissed the proceedings. The court held *Miller* was retroactive and determined the only other issue was whether Pieck was a "juvenile" in the context of *Miller*. The court noted that when Pieck committed the murders, the age of majority in Arizona was twenty-one, which the legislature reduced to eighteen shortly thereafter. The court held *Miller* and its predecessors did not focus on the legal definition of a "juvenile" versus an "adult," but only on whether the defendant was under the age of eighteen. The court ultimately held that *Miller* had no application to Pieck's case because Pieck was twenty years old when he committed the murders, regardless of the fact he had not reached the age of majority as defined at that time. Pieck now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9.c and A.R.S. § 13-4239.C (West 2016).

**¶5** In his petition for review, Pieck argues *Miller* applies to his case despite the fact he was over eighteen when he committed the murders. Pieck argues that because he had not yet reached the age of majority as defined by Arizona law at that time, he was a "child" for purposes of *Miller* and, therefore, could not be subject to a mandatory sentence of life without the possibility of parole.

**¶6** We grant review but deny relief.[1] *Miller* is a significant change in the law and is retroactive. *Montgomery v. La.*, __ U.S. __, 136 S.Ct. 718, 732 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17 (App. 2016). *Miller* however, has no application to Pieck's case. Although *Miller* does make frequent reference to "children" and "juveniles," the Supreme Court ultimately held "that mandatory life without parole for those *under the age of 18* at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, __ U.S. at __, 132 S.Ct. at 2460 (emphasis added). *Miller* places limitations on a state's ability to sentence offenders who committed their offenses when they were under the age of eighteen; not offenders who committed their offenses before they reached the age of majority as defined by each individual state.

**¶7** That the Supreme Court intended to draw the line at eighteen years of age in *Miller* is made more clear by its decisions in *Graham v. Florida*

---

[1] We assume, arguendo, that Pieck had not reached the applicable age of majority as defined by Arizona at the time he committed the murders.

and *Roper v. Simmons*; two predecessors of *Miller*. First, in *Roper*, the Court held states could not impose the death penalty for offenders it repeatedly identified as "juvenile offenders under 18." *Roper v. Simmons*, 543 U.S. 551, 568-74 (2005). In *Graham*, the Supreme Court held a juvenile offender who did not commit homicide may not receive a sentence of life imprisonment without the possibility of parole. *Graham v. Fla.*, 560 U.S. 48, 74-75 (2010). *Graham* made frequent reference to "juvenile offenders" in general, but drew a "clear line" to differentiate between who is and who is not a "juvenile offender." *Id.* at 74. Applying *Roper*, *Graham* held that "[b]ecause '*age 18* is the point where society draws the line for many purposes between childhood and adulthood,' it is the age below which a defendant may not be sentenced to life without parole for a nonhomicide crime." *Id.* at 50 (emphasis added) (quoting *Roper*, 543 U.S. at 574 (2005)).

¶8        Finally, Pieck argues the superior court erred when it failed to hold an evidentiary hearing. "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012). Because the only issue was the legal interpretation of *Miller* and its possible application to undisputed facts, the court did not abuse its discretion when it declined to hold an evidentiary hearing before dismissing the proceedings.

¶9        We grant review and deny relief.

